Coats v. Hill et al.

## COATS v. HILL ET AL.

1. TAX TITLES: *Act to quiet tax titles modified.*
   The act of January 10th, 1857, entitled "An act to quiet tax titles," (Gant's Dig., secs. 2267-8-9), is not in conflict with any constitution of this state, and has not been repealed, but has been modified by the revenue laws of July 23d, 1868, and April 8th, 1869, as to time within which the tax title can be assailed, and the amount to be paid to the purchaser at tax sale before he can be evicted.

2. STATUTES: *Repeal by implication.*
   Repeals by implication are not favored. To produce such result the two acts must be upon the same subject and there must be a plain repugnancy between their provisions; in which case, to the extent of the repugnancy, the latter act repeals the former. Or, if the two acts are not in express terms repugnant, then the later act must cover the whole subject of the first and embrace new provisions plainly showing that it was intended as a substitute for the first.

3. TAXES: *A lien on the land: Purchaser subrogated to.*
   Under our laws taxes are a charge that follows the land into whosesoever hands it may go; and if the tax sale be invalid for irregularities and failure of officers to discharge their duties, the purchaser is subrogated to the lien of the state.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELLS Circuit Judge.

*D. H. Reynolds* and *John B. Jones* for appellant.

*Sec's. 2267–8–9, Gantt's Dig.*, have been repealed by the *Revenue Acts of July 23, 1868,* and *April 8, 1869,* the latter covering the entire ground, being upon the same subject, embracing all their provisions, and clearly intended to supersede them. See *10 Ark., 591; 31 Ark., 19; 12 Mass., 545; 7 Ib. 140; 4 Pick, 21; 14 Ill., 335; 10 Pick, 39; 19 Cal., 501; 37 N. H., 295; 30 Vt., 344; 75 Ill., 613; 35 Ark., 506.*

If not. repealed they are unconstitutional. *Sec. 10, Art. 1, Const. 1868; Weller v. St. Paul, 5 Minn., 95; Ballance v. Flood, 52 Ill., 48; Reed v. Tyler, 56 Ill., 292; 17 Mich., 221; Cooley Const. Lim., 353.*

### SUPPLEMENTAL BRIEF.

In addition to citations on the subject of the repeal of the sections, cite *Gantt's Dig.,* sec's. *4446, 4450, 4503, 5650, 4557.*

*T. B. Martin* for appellees.

*Sec's. 2267–8–9; 21 Ark., 319; 23 Ib. 674; 28 Ib. 299* are conclusive of this case.

SMITH, J. The defendant in ejectment moved to dismiss the action because, as he alleged, he held the lands by virtue of sundry tax deeds, which were exhibited, and had paid taxes and made valuable improvements since his purchase; and neither the plaintiff nor any other person had tendered the amount of all taxes and costs paid on account thereof with interest and penalties, and the value of such improvements. The action was accordingly dismissed and the plaintiff has appealed. He .insists that. *Sec's. 2267-8-9 of Gantt's Digest,* which direct that an action against a purchaser at tax sale shall be dismissed for failure to make such tender previous to the commencement thereof, are in conflict with the Constitution of 1868, which was in force when

Coats v. Hill et al.

the tax sales in question were had; or, if this be not so, that those sections have been repealed by subsequent legislation.

The constitutionality of this statute, at least so far as the Constitution of 1836 is concerned, was settled in *Craig v. Flanagin, 21 Ark., 319*, and *Pope v. Macon, 23 Id. 644*. Nor is it affected by any provision of the Constitution of 1868. Our attention has been called to Sec. 10 of the Bill of Rights in that instrument which declares that "every person ought to obtain justice freely and without purchase;" and to the case of *Weller v. St. Paul, 5 Minn., 95*, which holds a similar act to be unconstitutional because it, in effect, compels the plaintiff to purchase his status in court. But the authority of the legislature over the whole subject of legal remedies is ample. They have annexed as a condition precedent to the assertion in court of the right of the former owner, the payment of taxes, costs and the value of improvements. Surely a general declaration of the right of the citizen to his day in court was not intended to preclude the legislature from requiring him to do equity when he did come. *Cooley on Taxation, 371, et seq.*

Then as to the repeal of the statute; certainly there has been no express repeal, and repeals by implication are not favored. To produce this result, the two acts must be upon the same subject and there must be a plain repugnancy between their provisions; in which case the latter act, without the repealing clause, operates to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then the latter act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first. *United States v. Tynen, 11 Wall, 88; Henderson's Tobacco, Ib. 652; The Distilled Spirits, Ib. 356; Daviess v. Fairbain, 3 How., 636; United States v. Walker, 22 Id. 299; McCool v. Smith, 1 Black, 459; Johnson. v.*

2. STATUTES. Repeal by limitation.

Coats v. Hill et al.

*Byrd, Hempt. Rep.*, *434;* *Pulaski County v. Downer, 10 Ark.*, *588;* *State, use, &c., v. Watts, 23 Id. 304;* *Osborn ex parte, 24 Id. 479;* *Mears v. Stewart, 31 Id. 17.*

Now the act of January 10, 1857, from which the above-mentioned sections are brought forward into the Digest, is entitled, "An act to quiet land titles in this State," although it relates exclusively to tax titles. And the acts which are relied on as virtually repealing it are the general revenue laws of July 23, 1868, and of April 8, 1869. So that these enactments are not precisely upon the same subject, nor do they cover the same field; and upon comparison of their provisions it will be found that the only inconsistency between them is, as to the time within which the tax title must be assailed and the amount to be paid to the purchaser at tax sale before he can be evicted. And to this extent the former act may be considered as revised and modified. But there is no indication that the legislature intended to abandon the policy of requiring the defaulting tax-payer to refund the taxes and pay for the improvements made on the premises and to offer to do this before he begins his action.

**3. Taxes a lien upon the land.** By our law taxes are *glebae ascripti*—serfs of the soil—a charge which follows the land in whosesoever hands it may go. And if the tax sale may be invalid to divest the title of the former owner by reason of irregularities and failure of the officers properly to discharge their duties, yet the purchaser is subrogated to the lien of the State.

There is nothing in *Hickman v. Kempner, 35 Ark., 505,* to conflict with this view. There the tax purchaser was plaintiff, not defendant; and the cross-bill filed by the former owners was only a mode of defense. The statute does not prevent the original owner from defending his possession before tendering the taxes, &c., though even in that case he will be made to do justice. *Hany v. Cole, 28 Ark., 299.* Its terms only apply to cases where he is actor.

Judgment affirmed.