## ARKANSAW WATER COMPANY v. FURNISH.

### Opinion delivered March 5, 1917.

WATER COMPANIES—ORDINANCES CONTROLLING—RIGHTS WHERE SUB-
SCRIBER WASTES WATER.—An ordinance of the city of Little Rock passed December 9, 1880, giving the water company certain rights where a subscriber permitted water to waste, *held* repealed by an ordinance passed in 1904; and under the latter ordinance, where a subscriber, who was not in arrears with the water company, and was on a flat rate, permitted water to waste from a hydrant, the company could only notify him to repair the defective hydrant and if he failed to do so, then to place the subscriber on a meter.

Appeal from Pulaski Circuit Court, Third Division: *G. W. Hendricks,* Judge; affirmed.

*Moore, Smith, Moore & Trieber,* for appellant.

1. Section 13 of the ordinance of December 9, 1880, is not repealed by any portion of the ordinance of March 31, 1904; and under section 13, appellant had the right, upon the discovery of the leak, to shut off the water without prior notice, provided that notice was given him at that time that the supply was cut off on account of the leak, and that it would be turned on again upon the leak being repaired. The court found the facts for appellant, but refused the second declaration of law requested by appellant. Section 13, of the ordinance of 1880 was not repealed by the ordinance of 1904. The appellant had the right to cut off the water, without notice, until the leak was repaired. 29 Pac. 320. The two sections are not repugnant.

2. The former ordinance was not repealed. Repeals by implication are not favored. 92 Ark. 600; 41 *Id.* 149; 101 *Id.* 238, etc. There is no inconsistency or repugnancy be-

tween the ordinances. The second declaration of law should have been given as requested. Campbell & Stevenson's Digest City Ordinances, § 1897. The ordinance of 1904 only operates to give an additional remedy or election to the water company and in no way affects or modifies section 13 of the old ordinance.

*O. D. Longstreth* and *E. R. Parham,* for appellee.

The ordinance of 1904 clearly points out the only remedy and repeals the ordinance of 1880. The only remedy now is to notify the owner, and if leak is not repaired in a reasonable time, install a meter. Notice must be given before the water is cut off.

### STATEMENT BY THE COURT.

Appellant is a corporation having a franchise to supply water to the inhabitants of the city of Little Rock. Appellee is a consumer of water under a contract with appellant by which it was to supply him with water at $9 per annum on the flat rate. He instituted this suit against the appellant, setting up his contract and alleging in substance that on or about July 7, 1915, without prior notice, appellant or its agent shut off the water supply to his residence, which remained off until July 10; that this was a breach of contract on the part of appellant which damaged appellee in the sum of $600, for which he asked judgment.

The appellant denied that it violated its contract with the appellee; admitted that it cut off the supply of water from his residence, and justified its act in doing so under an ordinance which will be referred to in the opinion.

The court, after hearing the testimony, found that the appellant, on July 7, 1915, turned off the water supply at appellee's residence; that this was done because a hydrant in appellee's yard a few days before, was discovered to be in a leaky condition; that the leak was sufficient to warrant the appellant in cutting off the water supply had the appellant given reasonable notice to appellee to repair before cutting off the water. The court found that at the time the water was cut off on July 7, the agent of the appellant notified appellee's wife that same was cut off on account of a leak and

would remain off until said leak was repaired; that appellant did not, by its contract, waive its right to cut off the water on account of the leak.

The court declared the law substantially as follows: That under the ordinance of the city of Little Rock, the appellant, in case of the discovery of a leak in the water fixtures of the appellee, had the right to shut off appellee's water supply until he had the leak repaired and requested that the supply be again turned on.

Appellant asked the court to declare that it was not the duty of the appellant, before cutting off appellee's water supply, to give appellee any prior notice of its intention to do so unless the leak in his hydrant was repaired; that the only duty resting upon the appellant was to notify the appellee at the time of shutting off the water that it was being shut off on account of the leak, and would remain off until same was repaired. The court refused this request.

The cause, by agreement, was heard by the court sitting as a jury; and it was also agreed that in case the court should find for the appellee, that the judgment should be in the sum of $50. The court entered a judgment in favor of the appellee for that sum, from which this appeal was taken.

WOOD, J. (after stating the facts). The findings of fact by the court are sustained by the evidence. The appellant contends that it had the right to cut off appellee's supply of water when it discovered that there was a leak in the hydrant resulting in a waste of water, and that it was not required to give the appellee any prior notice in order to enable him to repair the leak. Appellant justifies its act in cutting off the water, without giving the appellee previous notice that it was going to do so, under section 13 of the ordinance of December 9, 1880, as follows:

"13.   The authorized agents of the company shall have the right to enter upon the premises of any consumer of water furnished by the company, for the purpose of examining the pipes and fixtures and preventing waste, and in the event that any consumer permits waste of water, then the company may shut off the water supply from said premises."

An amended ordinance of the city, passed in 1904, reads as follows: "The water company shall have the right to refuse to supply at flat rate any consumer whose fixtures are allowed to get out of repair and leak, or when water is wasted and improperly used; in such cases the water company shall first notify the consumer to repair leaky fixtures or correct the abuse; if not repaired and corrected in a reasonable time and water is again found wasting and fixtures leaking, the water company shall have the right to set a meter."

It will be observed that section 13 of the ordinance of 1880 does not expressly require any notice to be given to consumers of water before shutting off their water supply where they are permitting a waste of water. The ordinance is silent as to notice. But it expressly grants the right to shut off the water supply where the consumer permits a waste of water and appellant contends that it should be construed as if the words "without notice" were contained therein. If this were the only ordinance on the subject of the waste of water, it might be conceded for the purposes of this decision that the appellant would have the right to shut off appellee's water supply without giving him previous notice of its intention to do so.

But that part of the ordinance of 1904 above quoted fully covers all of the subject-matter of section 13, and more. In *Coats* v. *Hill*, 41 Ark. 149, we said: "Repeals by implication are not favored. To produce this result, the two acts must be upon the same subject, and there must be a plain repugnancy between their provisions; in which case the latter act, without the repealing clause, operates, to the extent of the repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then the latter act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first."

Now, under the ordinance of 1904, when the consumer under the flat rate allows his fixtures to get out of repair and leak, and therefore waste the water, the company has no right to shut off his water supply at all as a means of

preventing the waste of water. The method which it must pursue in such cases to prevent waste is to first notify the consumer to repair the leaky fixtures or correct the abuse. If the consumer, after receiving such notice, does not repair the fixtures or correct the abuse, then the company, after a reasonable time has elapsed, may install a meter and in this way charge the consumer for the water that is being wasted. The two methods prescribed by section 13 and the ordinance of 1904, for the prevention of waste are entirely different and wholly repugnant to each other. For, conceding that under section 13, the supply of water may be shut off without previous notice to the consumer, still, under the ordinance of 1904 the water supply can not be shut off at all so long as the consumer is paying the water charges, even though he has notice to repair the leaky fixtures. If the consumer allows the waste to continue after he receives such notice and after he has had a reasonable time to make repairs, then the company may, by installing its meter, compel him to pay for the water that thereafter goes to waste. The latter ordinance does not contemplate that the consumer on a flat rate shall be denied a supply of water to his premises so long as he pays the rent charges, even though there may be a waste of water by defective and leaky fixtures. But the design of the ordinance was to compel the consumer to pay for the water which was going to waste through his neglect to repair the fixtures after he was notified of their defective condition, and had had a reasonable time to repair them. The two ordinances being totally repugnant to each other, can not therefore stand together. Moreover, even if they were not repugnant to each other, the last ordinance, as before stated, covers the whole subject-matter of the first, with other provisions, and was manifestly intended as a substitute for it so far as the method of preventing waste is concerned. See *Carpenter* v. *Little*, 101 Ark. 238.

The judgment is correct and it is affirmed.