DANIEL *v.* CITY OF CLARKSVILLE.

5-1204                                                     334 S. W. 2d 645

Opinion delivered April 18, 1960.

*Frank H. Cox,* for appellant.

*Edward H. Patterson, Townsend & Townsend,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal questions the validity of Act 180 of 1959. The title of that Act is ''An Act to Enable Municipalities Owning and

Operating Utility Plants to Issue Revenue Bonds for the Purpose of Securing and Developing Industry within or Near Said Municipalities, Said Bonds to be Paid by Rentals from Property Acquired by the Use of the Proceeds of Said Bonds and Any Additional Amount That May be Needed from the Net Revenues of Said Utility Plants; Declaring an Emergency; and for Other Purposes." After reciting, in the preamble, the purpose of the legislation, the act provides that the legislative body of any municipality may issue revenue bonds, in the manner, and under the conditions set out in Section 3 of said act. The act then provides that the bonds are payable from the revenues derived from the property acquired with the proceeds of the bonds, and that surplus revenues derived from utilities owned by the municipality may be pledged. The legislation further provides that a statutory mortgage lien upon the property acquired by the proceeds of the bonds, shall be created in favor of the bond holders. Section 4, however, states that "any pledge of rentals or revenue shall be subject to the restriction that the municipality shall never in any fiscal year be bound in an amount that would together with the other expenditures and contracts of the municipality, call for a payment or payments in that fiscal year in excess of the total revenue for such municipality for that fiscal year, so that the municipality shall never at any time by its contract or pledge of net revenues and rentals violate the provisions of Amendment No. 10 to the Constitution of the State of Arkansas. The bonds issued under this Act shall not in any event constitute an indebtedness of such municipality within the meaning of the constitutional provisions or limitations, and it shall be plainly stated on the face of each bond that the same has been issued under the provisions of this Act and does not constitute an indebtedness of such municipality within any constitutional or statutory limitation."

Proceeding under this Act, the city council of Clarksville enacted a resolution on July 13, 1959, authorizing the publication of a notice of certificates of indebtedness to be sold under the authority of the aforementioned act. The notice of sale was duly published, and

the city received a valid bid of par plus accrued interest for $25,000 of its proposed issue of certificates of indebtedness (the total proposed issue was $150,000), bearing interest at the rate of 4% per annum. Prior to issuance of these certificates, this suit was instituted by appellant as a citizen and taxpayer of the city of Clarksville. The suit questioned the validity of Act 180, and sought, through injunction, to prevent appellees from proceeding further with the proposed issue of the certificates. The court, on hearing, declared Act 180 to be valid and constitutional, and entered its decree dismissing the complaint. From such decree, appellant brings this appeal.

We are of the opinion that the question herein presented has now become moot, for the aforecited provisions of Act 180 have been superseded by the provisions of Act 9 of the First Extraordinary Session of the Sixty-second General Assembly, the validity of which is being upheld in an opinion handed down by the Court this day. Both Act 9 and Act 180 deal with the issuance of bonds for the purpose of securing and developing industry. Act 9 is a much more comprehensive statute, but embraces the entire subject matter covered by Act 180 as far as the bonds are concerned, *i.e.,* both acts provide for the issuance of revenue bonds; both provide that the bonds are payable from the revenues derived from the property acquired by the proceeds of the bonds; both provide for the statutory mortgage lien upon the property acquired; and both permit the pledging of surplus revenues derived from utilities owned by the municipality. Likewise, Act 9 has the almost identical requirement of Section 4 of Act 180, heretofore cited. Furthermore, both acts give practically the same definition of surplus revenues. In fact, relative to the issuance and payment of revenue bonds, the provisions of the two acts are substantially the same — with one exception. Section 3 of Act 180 is in direct conflict with Section 4 of Act 9. The former authorizes the legislative body of any municipality, upon its own determination, to issue the bonds, while the latter provides that "revenue bonds may be issued only with the approval of a majority of the qualified

electors of the municipality or county voting at an election called for that purpose." Following approval of the electors, the legislative body of the municipality is authorized to act. While Act 9 contains no repealing clause, and in fact, provides that it is intended to supplement existing constitutional and legislative provisions designed to secure industry,[1] it is self-evident that the provisions (Section 3 of Act 180 and Section 4 of Act 9) are in irreconcilable conflict, for Act 9 is specific and definite in stating that the bonds may be issued *only* with the approval of a majority of the qualified electors. We recognize that repeals by implication are not, generally speaking, favored. Here, however, all the factors necessary to bring about a repeal by implication are present. As stated in Corpus Juris Secundum, Vol. 82, Sec. 291, page 489:

"Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, will, although it contains no repealing clause, govern, control, or prevail, so as to supersede and impliedly repeal the earlier act to the extent of the repugnancy."

In our own case of *C. R. I. & P. RR. Co.* v. *Cohen,* 223 Ark. 621, 267 S. W. 2d 774, this Court quoted the rule stated in *Coates* v. *Hill,* 41 Ark. 149, concerning repeals by implication:

"Repeals by implication are not favored. To produce this result, the two acts must be upon the same subject and there must be a plain repugnancy between their provisions; in which case the latter act, without the repealing clause, operates to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then this latter act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first."

See also *Curlin* v. *Watson,* 187 Ark. 685, 61 S. W. 2d 701. Since Section 3 of Act 180 is in absolute conflict with

---

[1] This evidently refers to provisions dealing with other than this type of revenue bonds.

Section 4 of Act 9, we hold the former to have been repealed. This results in Act 180 being inoperative insofar as it relates to revenue bonds for the purposes mentioned in the act, for Section 3 is the provision that authorizes the issuance of the bonds. No bonds have actually been issued by the city of Clarksville, so the question of impairing the obligation of a contract does not arise.

Summarizing, the manner of issuing revenue bonds for the securing and development of industry is controlled and regulated by Act 9 of the First Extraordinary Session of the Sixty-second General Assembly. This act supersedes Act 180 of 1959, and the city of Clarksville may not now further proceed with the issuance of bonds except in conformity with the provisions of Act 9.

It follows that the decree of the Chancery Court must be reversed. It is so ordered.