Cecilio VELASQUEZ et al v. Randy CLANTON

85-42                                                       691 S.W.2d 849

Supreme Court of Arkansas

Opinion delivered June 24, 1985

*Lavey, Harmon & Burnett*, by: *John L. Burnett* and *James R. Cromwell*, for appellants.

*Huey & Vittiton*, by: *Clint Huey*, for appellee.

GEORGE ROSE SMITH, Justice. This suit began as a class action on both sides, dwindled to a dispute between individuals, and now has become moot and must be dismissed.

On May 19, 1984, one of the plaintiffs, Ann Johnson, went to the defendant Randy Clanton's tomato farm in Bradley County to give an English lesson to the other two plaintiffs, Cecilio Velasquez and Alvino Flores, illegal aliens from Mexico who had temporary living quarters on Clanton's farm, where they were employed by Clanton during the brief tomato harvesting season. Ms. Johnson had been told by telephone that she could come, but when Clanton learned that she was a Catholic he changed his mind and refused to let her remain, saying that Catholics had given him trouble in the past. Ms. Johnson left.

This suit was filed on June 1. Velasquez and Flores sought to represent a class of immigrant farm workers who were being denied their right to receive visitors of their choice at their residences. Ms. Johnson alleged that she was being denied the right to associate with the other plaintiffs and to exercise her freedom of religion. Clanton was named as an individual defendant and as the representative of other tomato growers who were denying similar rights to immigrant farm workers. The prayer was for a temporary injunction allowing visitation and for a judgment declaring that Clanton's actions violated the plaintiffs' constitutional rights.

At the trial there was no proof that would support a class action on either side. The only asserted denial of anyone's rights arose from Ms. Johnson's attempted visit to the farm. The chancellor refused to grant relief on proof of that isolated incident and dismissed the complaint when the plaintiffs rested their case. Both Velasquez and Flores had testified they meant to leave Arkansas after the harvest. At the oral argument it was conceded that neither one is now on the Clanton farm; it is unlikely they ever will be.

The case is obviously moot. There is no class right at stake, the case having become a personal dispute. Both Velasquez

and Flores are gone, leaving no one at the farm for Ms. Johnson to visit. It is possible that Clanton's professed aversion to Catholics was a subterfuge, but it would be pointless to remand the case to develop that academic issue of fact. Neither an injunction nor a declaratory judgment can be of practical value to the three plaintiffs as individuals. They now appear in no other capacity.

█ It is argued that we should issue a declaration of the plaintiffs' rights, because litigation of this kind can never be completed before the expiration of the brief harvest season. We have frequently decided questions of public interest in a case that has become moot, such as an election contest, because the questions are likely to arise again. *Henley* v. *Goggins*, 250 Ark. 912, 467 S.W.2d 697 (1971); *Carroll* v. *Schneider*, 211 Ark. 538, 201 S.W.2d 221 (1974). The difficulty in the case at bar is that the question of law has not been developed in an adversary manner. The appellants cite cases to support their rights of association, but the appellee concedes the argument. As between these parties the issue is settled. We must decline the invitation to lay down binding principles for the future when we have heard only one side of the controversy.

Appeal dismissed.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. Because of the state's interest in the treatment of migrant workers during their brief stay here, we should declare formally, just as the trial court almost did, that Ann Johnson, who sought to give two migrant workers English lessons, was wrongly denied permission to visit the workers. But the trial court declined to do so, finding this to be an "isolated" incident.

Johnson is a resident of Bradley County and works regularly with migrant workers. Those workers, mainly Mexican and often illegally in the country, harvest the tomato crop each year in Bradley County. The season is short, and the Mexican workers, many of whom speak no English, need some help in communication. Johnson is Catholic, and the Mexican workers are largely Catholic. It was for this reason alone she was denied access.

Although there is no evidence of abuse or mistreatment of the workers, the best assurance there will be none is to see that the workers have full access to local people who want to help them during their brief stay in Arkansas. Rather than treat the issue as unimportant and isolated, I would treat it with the respect it

deserves. I would declare Clanton wrong and Johnson right, so that next time Johnson would not be denied access as she likely will be now because of the majority's finding.

I respectfully dissent.

HAYS, J., joins in this dissent.