Nevada NATHANIEL, et al. *v.* FORREST CITY
SCHOOL DIST. NO. 7

89-113                                    780 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered December 4, 1989

514

*Mitchell and Roachell*, by: *Marcia Barnes*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Brian Allen Brown*, for appellee.

ROBERT H. DUDLEY, Justice. The appellants, forty-nine (49) Forrest City public school teachers, filed suit against appellee, Forrest City School District No. 7, seeking to invalidate the election of the members of the district's personnel policy committee and asking for a declaratory judgment construing Act 687 of 1987, § 2, Ark. Code Ann. § 6-17-203 (Supp. 1987). The trial judge invalidated the election for a reason not material to this opinion, but construed the act to allow the school administration to exercise control and supervision over the election of teachers to the personnel committee. We affirm the holding but modify it by construing the act to mean that the teachers must be allowed to elect their representatives to the committee without interference from the administration.

Each school district is required to have a written personnel policy. Ark. Code Ann. § 6-17-201(a) (1987). The personnel committee proposes personnel policy or the amendment of policy to the school board which, in turn, adopts, rejects, amends, or refers the proposals back to the committee for further study. Ark. Code Ann. § 6-17-203 (1987). The personnel committee must be composed of no fewer than five (5) classroom teachers and no more than three (3) administrators. In pertinent part, the 1987 act, Ark. Code Ann. § 6-17-203(b), provided:

> [T]he classroom teacher members of each district's committee on personnel policies shall be elected by a majority of the classroom teachers employed in the district by secret ballot in an election *conducted by the teachers.*

(Emphasis added.)

In the 1987-88 school year, the Forrest City school administration and school board somehow construed this provision to mean they could dictate that the teachers should elect only six (6) representatives, three (3) of whom would come from elementary schools, two (2) from high school, and one (1) from middle school; that the administration could set the date for nominations and select the manner of nominations; that the administration could fix the date of the election and decide which teachers would distribute and tabulate the ballots; and that the administration could decide whether the winners should be selected by run-off or by the largest vote.

The teachers asked the administration that they be allowed to conduct the election without interference. When the administration ignored their request and proceeded with the election as planned, the forty-nine (49) appellants filed this action for declaratory judgment. The trial court ruled that the district had substantially complied with the election requirements but invalidated the election for another reason. The teachers have appealed the trial court's construction of the act.

During the pendency of the appeal the General Assembly passed Act 56 of 1989, Ark. Code Ann. § 6-17-203 (Supp. 1989), which amended the 1987 act to provide, in pertinent part: "The election shall be *solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers.*" The 1989 amendment made it unmistakably clear that the General Assembly intended for the election to be conducted by the teachers; not the administration, and not the teachers with the help of the administration.

When one act has been superseded by a second act, we generally dismiss for mootness an appeal from a declaratory judgment action construing the first act. *Daniel* v. *City of Clarksville*, 232 Ark. 31, 334 S.W.2d 645 (1960). We normally decide only cases and controversies which will actually affect the rights of litigants. *First Nat'l Bank* v. *Massachusetts Gen. Life Ins. Co.,* 296 Ark. 28, 752 S.W.2d 1 (1988). However, when an issue is subject to repetition but tends to expire before review can be had, we may decide a moot issue. *Springdale Bd.of Educ.* v. *Bowman,* 294 Ark. 66, 740 S.W.2d 909 (1987). In this case, arguments by the appellee school district have convinced us that

the district is likely to repeat its actions. Further, election procedure cases fit within that class of cases which are capable of repetition, yet evade review. *Velasquez* v. *Clanton*, 286 Ark. 317, 691 S.W.2d 849 (1985). If appellee repeats its action, the election process would be completed before review could be had. Thus, we choose to hear the appeal.

■ The meaning of the statute is clear. The election is to be "conducted by the teachers." The phrase "conducted by the teachers" does not mean that teachers are only allowed to vote. It means that they can conduct the election without direction or interference from the administration.

Affirmed as modified.

GLAZE, J., not participating.