HOPE EDUCATION ASSOCIATION, et al. *v.* HOPE
SCHOOL DISTRICT

92-526                                        839 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered November 2, 1992

*Roachell Law Firm*, by: *Richard W. Roachell*, for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *R. Gary Nutter*, for appellee.

DAVID NEWBERN, Justice. This case involves the chancellor's refusal to require the Board of Education of Hope School District (the Board) to submit to the District Personnel Policies Committee (the Committee) a five percent increase in extra duty pay for teachers and administrators prior to adoption. The Chancellor held the Committee was invalidly formed, and therefore, the Board's failure to refer the five percent increase was excused.

The Hope Education Association (HEA), an unincorporated association of fifty-eight classroom teachers employed by the Hope School District (HSD), argues the Chancellor erred because (1) the Board was estopped from raising the alleged invalidity of the Committee, and (2) the Committee was formed in substantial compliance with Arkansas law. As HEA did not present evidence on all elements of estoppel or argue substantial compliance to the Trial Court, we must affirm.

On July 11, 1988, the Board adopted a salary schedule for the 1988-89 school year and a five percent increase in extra duty pay for teachers and administrators who work after school hours. The Board submitted the salary schedule to the Committee prior to its adoption but failed to submit the five percent increase in extra duty pay.

The President of HEA sent a letter to the Board asking that it reconsider its action because the increase had not been referred to the Committee. The Board refused to do so at its August and September meetings.

HEA filed suit claiming the Board violated Ark. Code Ann. § § 6-17-201—208 (1987) by failing to refer the five percent increase to the Committee. HEA requested a declaratory judgment invalidating the increase and a mandatory injunction requiring the Board to submit the proposal to the Committee. HSD answered and admitted all factual allegations in HEA's

complaint, but denied that Arkansas law required submission of the proposed increase to the Committee for review. Because HSD admitted all the factual allegations in the complaint, HEA moved for judgment on the pleadings pursuant to Ark. R. Civ. P. 12(c) (1992).

After HEA's motion for judgment on the pleadings was filed, HSD counterclaimed seeking a ruling invalidating the election by which the teacher members of the Committee were chosen. HSD claimed the teacher members of the Committee were not elected by a majority of teachers employed by the District as required by Act 687 of 1987. Instead, the members were elected separately by school campus.

Act 687 required each school district to establish a committee on personnel policies consisting of no fewer than five classroom teachers and no more than three administrators. Ark. Code Ann. § 6-17-203(a) (1987). The Act also provided:

> [T]he classroom teacher members of each district's committee on personnel policies shall be elected by a *majority of the classroom teachers employed in the district* by secret ballot in an election conducted by the teachers.

Ark. Code Ann. § 6-17-203(b) (1987) (emphasis added). In 1989, this provision was amended to require that the teacher members of the committee be elected by a majority of the classroom teachers voting. Act 56 of 1989; Ark. Code Ann. § 6-17-203(b) (Supp. 1991).

Responding to HSD's counterclaim, HEA admitted the teacher members of the Committee were elected by teachers voting separately by campus contrary to the law. HEA argued, however, that the elections should be upheld because HSD's administrative officials controlled the manner in which they were conducted.

The Chancellor ruled that, although the Board violated Ark. Code Ann. § 6-17-205(c) (1987) by not referring the five percent increase to the Committee, the violation was excusable. He stated the teacher members of the Committee were not elected in accordance with Ark. Code Ann. § 6-17-203(b) (1987). Because the Committee was invalidly constituted, the Board's failure to submit the proposal was excused. HEA's complaint was dis-

missed with prejudice.

## 1. Estoppel

We have some doubt whether HEA adequately raised the issue of estoppel in the Trial Court. The only allegation relevant to an estoppel theory was that school officials set up the elections. The word "estoppel" was not used in the proceedings below, and the Chancellor did not use it in his ruling. Assuming the issue was presented to the Chancellor, it is clear that HEA failed to prove the necessary elements of estoppel.

To apply estoppel to a sovereign, there are four requirements: (1) the party to be estopped must know the facts; (2) he or she must intend that his or her conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe the other party so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his or her injury. *Miller* v. *City of Lake City*, 302 Ark. 267, 789 S.W.2d 440 (1990); *Foote's Dixie Dandy* v. *McHenry, Adm'r*, 270 Ark. 816, 607 S.W.2d 323 (1980).

Assuming HSD's administrative officials set up the elections which the Chancellor found to be invalid, HEA has produced no evidence with respect to some essentials of estoppel. There was no evidence that HSD officials knew the campus based elections were invalid or that they intended their conduct to be relied upon by HEA. There was no evidence that HEA was ignorant of the facts or relied on HSD's actions to their detriment. Estoppel is unavailable when there is no showing of reliance upon a misleading action. *Arkansas Alcoholic Beverage Control Div.* v. *Person*, 309 Ark. 588, 832 S.W.2d 249 (1992); *Arkansas Power & Light Co.* v. *Arkansas Pub. Serv. Comm.*, 275 Ark. 164, 628 S.W.2d 555 (1982).

In conclusion on this point, and lest our opinion be misleading, we point out that the law in effect at the time of the elections expressly required them to be "conducted by the teachers." Ark. Code Ann. § 6-17-203(b) (1987). In *Nathaniel* v. *Forrest City School Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989), we interpreted the phrase "conducted by the teachers" to mean without any direction or interference from administration.

### 2. Substantial compliance

HEA next contends the Committee formulation by separate campus based elections substantially complied with the requirements of the Statute. It is argued in HEA's brief before this Court that the Committee was functioning and fulfilling the intent, purpose, and spirit of the Statute and should not have been declared invalid.

That is a good argument, but we find nothing in the record to indicate that the issue of substantial compliance with the Statute was presented to the Chancellor for consideration. We will not consider an issue for the first time on appeal. *See, e.g., Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991).

Affirmed.