The Honorable Michael Booker State Representative P.O. Box 45154 Little Rock, Arkansas 72214
Dear Representative Booker:
This opinion is in response to your recent question regarding school board personnel policies. You have described a scenario in which a school district has a set of personnel policies which includes no provisions regarding smoking. During the school year, the school board adopts a policy prohibiting all employees, including certified employees, from smoking on school grounds. The policy further provides that violation may result in discharge from employment. You indicate that the smoking policy was never presented to the school district's personnel policies committee. With regard to this scenario, you have presented the following question:
 Are proposals for new personnel policies or for amendments to existing personnel policies required to be submitted to the personnel policies committee before being adopted by the school board?
Prior to addressing your question, I must call to your attention the provisions of A.C.A. § 6-21-609, which prohibit smoking in enclosed school facilities. This statute also allows school boards, in their discretion, to designate areas on school property in which smoking will be allowed for nonstudents over the age of eighteen. It is my opinion that because the statute allows the board a certain amount of discretion on this issue, the exercise of that discretion must be governed by the statutes that set forth the procedures for the approval of personnel policies (A.C.A. § 6-17-201 et seq.), and that, therefore, the provisions of A.C.A. § 6-21-609 must be read in conjunction with those statutes.
It is my opinion that under the procedures set forth in A.C.A. § 6-17-201et seq., proposals for new personnel policies or for amendments to existing personnel policies must be presented to the personnel policies committee before being adopted by the school board.[1] These procedures for adding new policies or amending existing policies, are generally as follows:
 (1) New policies and amendments to existing policies can be proposed either by the personnel policies committee or by the school board itself. New policies and amendments to existing policies can also be suggested to the school board by the school superintendent. If adopted by the board, the superintendent's suggestion becomes a proposal. A.C.A. § 6-17-204(c)(1) and (2). If a new policy or an amendment to existing policies is proposed by the school board, such proposal must be presented to the personnel policies committee at least ten days before the proposal is presented to the board for final action. A.C.A. § 6-17-204(c)(1). The Arkansas Supreme Court recognized the requirement that proposals for new policies or amendments be submitted to the personnel policies committee in dicta contained in Hope Education Ass'n v. Hope School Dist., 310 Ark. 768, 839 S.W.2d 526 (1992).
 (2) The proposal, whether formulated by the personnel policies committee or by the school board (or the superintendent), must be presented to the school board for final action. Upon presentation to the board, the board either adopts or rejects the proposal, or refers it back to the personnel policies committee for further study or revision. A.C.A. § 6-17-205(e) and (f).
 (3) Proposals that are adopted are incorporated as a matter of law into all certified personnel contracts. A.C.A. § 6-17-204(a) (as amended by Act 1260 of 1995). However, such adopted proposals do not go into effect until the following fiscal year. A.C.A. § 6-17-204(b) (as amended by Act 1260 of 1995). Adopted proposals may go into effect prior to the following fiscal year if they have been adopted in accordance with the provisions of A.C.A. § 6-17-201 et seq., and if they are approved by a majority of the certified personnel employed by the district, by a secret ballot vote. The vote must be conducted and counted by the personnel policies committee. A.C.A. § 6-17-204(c) (as amended by Act 1260 of 1995).
Applying these requirements of the law to the scenario that you have described, I conclude that if the smoking policy in question was not presented to the personnel policies committee at least ten days before it was presented to the board for final action, it was not validly adopted. Moreover, even if the policy was presented to the committee and was otherwise validly adopted, it cannot go into effect until the fiscal year following that in which it was adopted, unless a majority of the certified personnel employed by the district has approved its immediate effectiveness by a secret ballot vote that was conducted and counted by the personnel policies committee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] This opinion is based upon the assumption that the school district in question has a personnel policies committee. It should be noted, however, that the statutory requirements discussed herein are not applicable to any school district which "chooses to officially recognize in its policies an organization representing the majority of the teachers of the district for the purpose of negotiating personnel policies, salaries, and educational matters of mutual concern under a written policy agreement." A.C.A. § 6-17-202.