The Honorable Sue Madison State Representative 573 Rock Cliff Bluff Fayetteville, Arkansas 72701
Dear Representative Madison:
This opinion is being issued in response to your recent questions regarding a school's computer network use policy. You have presented the following questions:
 (1) Does a computer network use policy and staff agreement passed by a school board constitute a personnel policy?
 (2) If so, is this policy required to be reviewed by the personnel policies committee under the normal procedures of current Arkansas law?
You have indicated that the particular computer network use policy about which you are concerned is that of the Fayetteville School District. You have attached a copy of the policy to your correspondence.
RESPONSE
Question 1 — Does a computer network use policy and staff agreementpassed by a school board constitute a personnel policy?
It is my opinion that the computer network use policy and staff agreement[1] about which you have inquired do constitute a "personnel policy" within the meaning of the Arkansas statutes that address school districts' personnel policies (A.C.A. § 6-17-201 et seq.).
I draw this conclusion by using a rule of statutory construction that is well-established in Arkansas. The provisions of A.C.A. § 6-17-201 etseq. do not define the phrase "personnel policy." In the absence of such a definition, it is appropriate under Arkansas law to interpret the phrase giving the words their ordinary and usually accepted meanings in common language. State of Arkansas by Scott v. Block, 825 F.2d 1254 (8th Cir. 1987); Cheqnet Systems v. State Bd. of Collection Agencies,319 Ark. 252, 890 S.W.2d 595 (1995); Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1984).
The ordinary and usually accepted meaning of the phrase "personnel policy" can be ascertained from a standard dictionary. The Merriam-Webster Dictionary defines the term "personnel" as "a body of persons employed in a service or an organization." The same dictionary defines the term "policy" as "a definite course or method of action selected to guide and determine present and future decisions." It may be concluded, then, that a "personnel policy" is a definite course or method of action selected to guide and determine present and future decisions affecting a body of persons employed in a service or an organization.
Applying this definition to the computer network use policy and staff agreement about which you have inquired, I conclude that these items do constitute a "personnel policy" within the meaning of A.C.A. § 6-17-201et seq., in that they appear to set forth a selected definite course or method of action to guide and determine present and future decisions made by and about the body of persons employed by the school district, as their conduct relates to the use of the school district's computer network.
Question 2 — If so, is this policy required to be reviewed by thepersonnel policies committee under the normal procedures of currentArkansas law?
It is my opinion that, because the computer network use policy and staff agreement about which you have inquired do constitute a "personnel policy," they are required, under current Arkansas law, to be submitted to the personnel policies committee.[2]
The provisions of A.C.A. § 6-17-201 et seq. set forth the procedure whereby proposals for new personnel policies (or for amendments to existing personnel policies) are adopted. These procedures for adding new policies or amending existing policies, are generally as follows:
 (1) New policies and amendments to existing policies can be proposed either by the personnel policies committee or by the school board itself. New policies and amendments to existing policies can also be suggested to the school board by the school superintendent. If adopted by the board, the superintendent's suggestion becomes a proposal. A.C.A. § 6-17-204(c)(1) and (2). If a new policy or an amendment to existing policies is proposed by the school board, such proposal must be presented to the personnel policies committee at least ten days before the proposal is presented to the board for final action. A.C.A. § 6-17-204(c)(1). The Arkansas Supreme Court recognized the requirement that proposals for new policies or amendments be submitted to the personnel policies committee in dicta contained in Hope Education Ass'n v. Hope School Dist., 310 Ark. 768, 839 S.W.2d 526 (1992).
 (2) The proposal, whether formulated by the personnel policies committee or by the school board (or the superintendent), must be presented to the school board for final action. Upon presentation to the board, the board either adopts or rejects the proposal, or refers it back to the personnel policies committee for further study or revision. A.C.A. § 6-17-205(e) and (f).
 (3) Proposals that are adopted are incorporated as a matter of law into all certified personnel contracts. A.C.A. § 6-17-204(a) (as amended by Act 1260 of 1995). However, such adopted proposals do not go into effect until the following fiscal year. A.C.A. § 6-17-204(b) (as amended by Act 1260 of 1995). Adopted proposals may go into effect prior to the following fiscal year if they have been adopted in accordance with the provisions of A.C.A. § 6-17-201 et seq., and if they are approved by a majority of the certified personnel employed by the district, by a secret ballot vote. The vote must be conducted and counted by the personnel policies committee. A.C.A. § 6-17-204(c) (as amended by Act 1260 of 1995).
Applying the requirements of these procedures to the computer network use policy and staff agreement about which you have inquired, I conclude that these items must be presented to the personnel policies committee before they may be adopted and placed into effect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The "staff agreement," in and of itself, is nothing more than a document. In opining that the "staff agreement" is a personnel policy, I am, in actuality, opining that a requirement that staff members accept and sign the staff agreement is a personnel policy.
[2] This opinion is based upon the assumption that the school district in question has a personnel policies committee. It should be noted, however, that the statutory requirements discussed herein are not applicable to any school district which "chooses to officially recognize in its policies an organization representing the majority of the teachers of the district for the purpose of negotiating personnel policies, salaries, and educational matters of mutual concern under a written policy agreement." A.C.A. § 6-17-202.