Honorable Pat Flanagin State Representative 935 North Washington Forrest City, AR 72335
Dear Representative Flanagin:
This is in response to your request for an opinion on the following question:
 Who has authority to determine the number of classroom teachers elected to serve on a district's committee on personnel policies?
It is my opinion that the classroom teachers have the authority to determine the number of classroom teachers elected to serve on a school district's committee on personnel policies. This opinion is consistent with case law of the Arkansas Supreme Court and other Arkansas Attorney General opinions. See Ops. Att'y Gen. 95-372 and 88-040.
The facts as I understand them are that the Hughes School District Committee on Personnel Policies currently has five classroom teacher members, and the classroom teachers would like to increase the number of committee representatives to eight members. The district's board of directors, however, states that it has sole authority, rather than the teachers, to designate the number of classroom teacher members on the committee.
As you noted, A.C.A. § 6-17-203 is the relevant statute and Nathaniel v.Forrest City School District, 300 Ark. 513, 780 S.W.2d 539 (1989), is the guiding caselaw for this question. Section 6-17-203 states:
 (a) Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators, one of which may be the superintendent.
 (b) The classroom teacher members of each district's committee on personnel policies shall be elected by a majority of the classroom teachers voting by secret ballot. The election shall be solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers.
 In Nathaniel v. Forrest City School Dist., the Arkansas Supreme Court held that the school board and administration could not dictate a prescribed number or type of representatives to serve on the committee on personnel policies. Nathaniel v. Forrest City School Dist., 300 Ark. 513, 780 S.W.2d 539 (1989). The Court noted that the General Assembly passed Act 56 of 1989, A.C.A. § 6-17-203 (Supp. 1989), to amend the 1987 act and provide that "The election shall be solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers." Id., citing A.C.A. § 6-17-203(b). The court stated:
 The 1989 amendment made it unmistakably clear that the General Assembly intended for the election to be conducted by the teachers; not the administration, and not the teachers with the help of the administration. Id.
The court in Nathaniel listed a number of actions attempted by the administration and school board in an effort to run elections, which were found in violation of A.C.A. § 6-17-203. One of these actions was the attempt by the administration and board to dictate the maximum number of representatives on the Committee. It is therefore my opinion that the court has recognized that the responsibility for determining the number of classroom teacher members of the Committee has been left with the teachers as part of the election process to be conducted by classroom teachers pursuant to A.C.A. § 6-17-202.
The Court in Nathaniel concluded:
 The meaning of the statute is clear. The election is to be" conducted by the teachers." The phrase "conducted by the teachers" does not mean that teachers are only allowed to vote. It means that they can conduct the election without direction or interference from the administration. Id. at 516.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/ECW/LS:cyh