The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
This is in response to your request for an opinion on an issue involving the selection of members of a personnel policy committee in a school district. The particular question raised in correspondence attached to your request involves alleged procedural irregularities and misconduct during the nomination/election of personnel policy committee members. A grievance in this regard was presented to the school board ("board"); but the board apparently declined to hear it under the belief that the board is part of the school's administration and as such lacks authority to address the grievance without violating the intent of A.C.A. § 6-17-203.See Letter from Lynn Hefner to Representative Jim Milum (January 20, 1998). Clarification of this issue is sought. Id.
It is my opinion that irrespective of the board's denomination as "administration," the board may not be involved in the election of personnel policy committee members, whether by way of hearing grievances or otherwise providing direction or supervision. This conclusion is compelled by the plain language of A.C.A. § 6-17-203 (Repl. 1993), as construed in Nathaniel v. Forrest City School Dist. No. 7, 300 Ark. 513,780 S.W.2d 539 (1989).
Section 6-17-203 provides as follows:
 (a) Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators, one of which may be the superintendent.
 (b) The classroom teacher members of each district's committee on personnel policies shall be elected by a majority of the classroom teachers voting by secret ballot. The election shall be solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers.
A.C.A. § 6-17-203 (Repl. 1993).
The language of this provision is thus clear in requiring that the election be conducted "solely and exclusively" by the classroom teachers. In Nathaniel, supra, the Arkansas Supreme Court rejected an attempt by the Forrest City school administration and school board to dictate several matters involving the selection of the teachers' representatives, including the manner of nominations and the conduct of the election. 300 Ark. at 515. Although the 1987 act had been superseded during the pendency of the appeal, the court nevertheless proceeded to decide the case because it was "convinced . . . that the district is likely to repeat its actions." Id. at 516. According to the court, "[t]he teachers asked the administration that they be allowed to conduct the election without interference." Id. at 515. The administration ignored their request, however, and proceeded with the election as planned. Id.
In stating that the General Assembly did not intend for the election to be conducted with the help of the administration, the court quoted the language of the 1989 amendment requiring that "[t]he election shall besolely and exclusively conducted by the classroom teachers, including thedistribution of ballots to all classroom teachers." Id. at 515 (emphasis original). The court thus concluded:
 The meaning of the statute is clear. The election is to be `conducted by the teachers.' The phrase `conducted by the teachers' does not mean that teachers are only allowed to vote. It means that they can conduct the election without direction or interference from the administration.
Id. at 516.
I believe it is clear from this case that any attempt by the school board to exercise control or supervision over the election of teachers to the personnel policies committee would be contrary to § 6-17-203. This would, in my opinion, include hearing grievances concerning procedural irregularities and misconduct during the nomination or election process. Although the court in Nathaniel referred to interference or help from the "administration," I believe it would be a mistake to construe the decision as not also encompassing the school board. Clearly, the "interference" at issue in that case included the board. The decision was based, moreover, upon the "unmistakably clear" requirement that the election be conducted "solely and exclusively" by the teachers.300 Ark. at 515, quoting § 6-17-203(b). This must, in my opinion, be construed to eliminate any assistance or direction from the board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh