The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following questions involving A.C.A. § 6-17-203:
 1. If members of a school district's Personnel Policy Committee are elected in the following manner, have they been elected in accordance with Ark. Code Ann. § 6-17-203 (b)?
 Assume that the school district has thirteen (13) different buildings and the school's policy provides that the teachers in each building must select a classroom teacher representative from their respective buildings. The person they select is then placed on a ballot to be voted on by all the teachers in the district. Assume that there are 13 teacher members on the Personnel Policy Committee so, in effect, the 13 people selected from each building end up serving on the Committee unless a particular teacher does not receive a majority of the votes.
 2. If the school district has, through its board of directors, adopted a policy requiring that the teachers in each building select a classroom teacher to be placed on the ballot [as described under Question 1], must this policy be followed by the teachers, or are the classroom teachers free to adopt whatever process they want for selecting teachers to be placed on a ballot and disregard the board's policy?
 3. Can the term of a member of the Personnel Policy Committee be for greater than one year, or must there be a new election of all members of the Committee each school year? For example, what if a district adopted a policy that provided for three-year rotating terms for the members of the Committee?
 4. If a school district adopts a policy that provides for three-year rotating terms of the members of the Personnel Policy Committee (assuming this is legal) do the classroom teachers have to follow this policy, or can the Personnel Policy Committee on its own determine the length of its members terms, regardless of what the formal school board policy is?
 5. If a school district adopted a policy that said it was the responsibility of the superintendent and the school administration to see that the elections of the Personnel Policy Committee are held, would this policy be in violation of Ark. Code Ann. § 6-17-203 (b)?
 6. Do the provisions of this subchapter preclude a Personnel Policy Committee from adopting its own set of guidelines exclusive of school board policy, including, but not limited to, the election of its members, the filling of vacancies, or any other guidelines not specifically in this statute?
RESPONSE
It is my opinion, based upon case law interpreting A.C.A. § 6-17-203, that the policies or procedures described under questions one through four likely fall within the teachers' exclusive authority to conduct the election of classroom teacher members on the personnel policies committee ("committee"). My uncertainty as to the exact focus of your fifth question prevents a conclusive response. The answer to your sixth question will depend upon the specific guidelines, and whether they in fact involve the selection of the classroom teacher committee members.
Question 1 — If members of a school district's Personnel Policy Committeeare elected in the described manner, [thirteen teacher representativesselected by the teachers in each building, to be voted on by all theteachers in the district] have they been elected in accordance with Ark.Code Ann. § 6-17-203 (b)?
It is my opinion that the answer to this question is, generally, "yes."
Arkansas Code Annotated § 76-17-203 provides as follows:
 (a) Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators, one of which may be the superintendent.
 (b) The classroom teacher members of each district's committee on personnel policies shall be elected by a majority of the classroom teachers voting by secret ballot. The election shall be solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers.
A.C.A. § 6-17-203 (Repl. 1999).
In Hope Educ. Ass'n v. Hope School Dist., 310 Ark. 768, 839 S.W.2d 526
(1992), the classroom teacher members on the committee had been elected by teachers voting separately by school campus, contrary to the requirement at the time that the members be elected "by a majority of the classroom teachers employed by the district. . . ." See Acts 1987, No. 687; 310 Ark. at 770. As noted by the court, however, the current language of subsection (b) of § 6-17-203 requires that the teacher members "be elected by a majority of the classroom teachers voting." Id.
The campus-based elections at issue in Hope Educ. Ass'n would presumably have been approved under the new language, leading me to conclude that the procedure you have described, involving the selection of representatives from each building, would generally be permissible under the statute.
It must be recognized, however, that the responsibility for determining the procedure for selecting the classroom teacher members of the committee has been left, in my opinion, with the teachers as part of the election process to be conducted by the classroom teachers pursuant to A.C.A. § 6-17-203. The Arkansas Supreme Court has interpreted § 6-17-203
as giving wide latitude to the classroom teachers in exercising their choices for membership on the personnel policies committee. See HopeEduc. Ass'n, supra; Nathaniel v. Forrest City School Dist. No. 7,300 Ark. 513, 780 S.W.2d 539 (1989). The only explicit restrictions on the exercise of this latitude, expressed in the statute, are that the election must be by a majority vote, and that the voting must be conducted by secret ballot.[1] In Nathaniel, the court rejected an attempt by the school administration and school board to dictate several matters involving the selection of the teacher members on the committee, including the manner of nominations. See 300 Ark. at 515. Clearly, the court viewed the nomination process as falling within § 6-17-203's requirement that the election be conducted by the teachers, which was interpreted by the court to mean "without direction or interference from the administration." 300 Ark. at 516.[2] See also Hope Educ. Ass'n,supra.
Question 2 — If the school district has, through its board of directors,adopted a policy requiring that the teachers in each building select aclassroom teacher to be placed on the ballot [as described under Question1], must this policy be followed by the teachers, or are the classroomteachers free to adopt whatever process they want for selecting teachersto be placed on a ballot and disregard the board's policy?
As indicated above, it is my opinion that the teachers, not the school board or the school administration, have the authority to establish the process for electing the classroom teacher members on the committee. The process must, in my opinion, reflect the majority's will, consistent with A.C.A. § 6-17-203. It is therefore my opinion that the teachers would be warranted in disregarding a policy that was adopted without the input of the classroom teachers.
Question 3 — Can the term of a member of the Personnel Policy Committeebe for greater than one year, or must there be a new election of allmembers of the Committee each school year? For example, what if adistrict adopted a policy that provided for three-year rotating terms forthe members of the Committee?
Section 6-17-203 is silent with regard to the teacher members' terms. It is my opinion, however, that if faced with the question the court would in all likelihood conclude that the classroom teachers' exclusive authority under the statute to elect the teacher members extends to determining the length of the members' terms. We know from Nathaniel that the committee formulation, the manner of nominations, and the date of the election are all matters to be decided by the teachers. See303 Ark. at 515. I believe it reasonably follows that the members' terms is a matter left to the teachers as part of the election process to be conducted pursuant to § 6-17-203.
Question 4 — If a school district adopts a policy that provides forthree-year rotating terms of the members of the Personnel PolicyCommittee (assuming this is legal) do the classroom teachers have tofollow this policy, or can the Personnel Policy Committee on its owndetermine the length of its members terms, regardless of what the formalschool board policy is?
See response to Question 3. It is my opinion that the board policy would not be controlling if the teachers did not approve it. Similarly, however, I have found no authority for the proposition that the committee can determine the length of its members' terms, absent the classroom teachers' approval. As indicated above, the wide latitude accorded the teachers under § 6-17-203 leads me to conclude that determining the members' terms is part of the election process to be conducted exclusively by the classroom teachers. It is therefore my opinion that a majority vote of the teachers is required to establish the terms, rather than the committee acting on its own.
Question 5 — If a school district adopted a policy that said it was theresponsibility of the superintendent and the school administration to seethat the elections of the Personnel Policy Committee are held, would thispolicy be in violation of Ark. Code Ann. § 6-17-203 (b)?
I am uncertain what is meant, precisely, by "the responsibility . . . to see that the elections . . . are held." I thus cannot satisfactorily answer this question without more information, including the supposed purpose of such a policy. The particular factual context may also need to be considered. As a general matter, the responsibility for holding elections under A.C.A. § 6-17-203 to select the teacher members on the committee lies with the classroom teachers. A school policy that purported to shift this responsibility from the teachers to the administration would, in my view, be contrary to § 6-17-203. If for some reason elections are not being held and the committee is not organizing,[3] this would present a particular circumstance that might warrant the administration's involvement. A general policy placing responsibility with the administration would, however, seem contrary to the teachers' right to conduct elections "without direction or interference from the administration." Nathaniel, supra,300 Ark. at 516.
Question 6 — Do the provisions of this subchapter preclude a PersonnelPolicy Committee from adopting its own set of guidelines exclusive ofschool board policy, including, but not limited to, the election of itsmembers, the filling of vacancies, or any other guidelines notspecifically in this statute?
This will depend upon the particular set of guidelines, with the inquiry focused on whether they involve matters that are part of the election process to be conducted by the classroom teachers pursuant to A.C.A. §6-17-203. As discussed above, such matters have been left "solely and exclusively" (id. at subsection (b)) to the teachers. Certainly, in my opinion, this would include the conduct of the election and such matters as nominations, procedural irregularities or misconduct during the nomination or election process, and the number of teacher members on the committee. See Op. Att'y Gen. Nos. 98-028; 97-203; 95-372. I believe the filling of vacancies would, as a general matter, also be included. I cannot opine further, however, without considering the particular guidelines and whether they fit this framework.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The wording of your question indicates that you are aware of the change in the vote requirement (see above discussion of Hope Educ.Ass'n), as you ask me to assume that all the teachers in the district vote on the thirteen who have been selected from each building, and that to serve on the committee each of the thirteen must receive a majority of the votes.
[2] At the trial stage in Nathaniel, § 6-17-203 (b) stated that the election was to be "conducted by the teachers." The current language ("[t]he election shall be solely and exclusively conducted by the classroom teachers," (emphasis added)), was added during the appeal and was described by the Nathaniel court as making it "unmistakable [sic] clear that the General Assembly intended for the election to be conducted by the teachers; not the administration, and not the teachers with the help of the administration." 300 Ark. at 515.
[3] Section 6-17-203 (a) states that each school district "shall have a committee on personnel policies. . . ." Additionally, A.C.A. § 6-17-205
provides that "[t]he committee must organize itself in the first quarter of each school year and elect a chairman and secretary." Accordingly, organizing the committee is not a discretionary matter.