FIRST NATIONAL BANK of Fayetteville, Arkansas
*v.* MASSACHUSETTS GENERAL LIFE
INSURANCE COMPANY

88-52                                                    752 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered June 13, 1988

*Mark Lindsay, P.A.*, for appellant.

*Davidson, Horne & Hollingsworth, A Professional Association,* by: *Walter W. Davidson* and *Patrick E. Hollingsworth,* for appellee.

DARRELL HICKMAN, Justice. This is a Uniform Commercial Code case. The appellant, First National Bank of Fayetteville, claims that its security interest in the accounts receivable of Lifesavers Insurance Agency has priority over a claim of the appellee, Massachusetts General Life Insurance Company.

The trial judge granted summary judgment to Massachusetts General, finding its claim legally superior. The judge was correct and we affirm.

The facts were undisputed. Massachusetts General entered into a General Agent's Compensation Agreement with Lifesavers Insurance Agency, under which Massachusetts General advanced commissions to the agency, with the understanding that commissions and bonuses earned by the agency would go to reduce the debt Lifesavers owed Massachusetts General for the advanced commissions.

Lifesavers borrowed $100,000 from the appellant bank, and the bank obtained an assignment from the agency of "All Accounts Receivable due the Borrower from Massachu[s]etts General Life Insurance Company." The bank filed a financing statement pursuant to Ark. Code Ann. § 4-9-302 (1987), and claimed a security interest in the commissions and bonuses due Lifesavers from Massachusetts General.

The bank argues that its security interest is superior to the Massachusetts General claim because of priority and cites Ark. Code Ann. § 4-9-312(5)(a) (1987) and *Continental American Life Ins.* v. *Griffin*, 251 Ga. 412, 306 S.E.2d 285 (1983), as controlling. The bank overlooks the fundamental fact and principle that the bank can not obtain a property right superior to that of its assignor, Lifesavers. *See* 6A C.J.S. *Assignments* § 88 (1975). The Uniform Commercial Code recognizes this principle in Ark. Code Ann. § 4-9-318(1)(a), which provides:

[T]he rights of an assignee are subject to:

(a) All the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; . . . .

Therefore, whatever interest the bank had in the commissions and bonuses is subject to Massachusetts General's claim.

While not clearly on point, we said in *Benton State Bank* v. *Warren*, 263 Ark. 1, 562 S.W.2d 74 (1978), that "Section 85-9-318(1)(a) provides that the rights of an assignee [the bank] are subject to all the terms of the contract between the account debtor [Massachusetts General] and the assignor [Lifesavers] and to any defense or claim arising therefrom."

We decline to follow *Griffin, supra*.

Affirmed.