WESTARK CHRISTIAN ACTION COUNCIL *v.* Mark STODOLA

92-1034                                            848 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered March 8, 1993

*DeLay Law Firm*, by: *R. Gunner De Lay*, for appellant.

*Mark Stodola*, for appellee.

ROBERT H. DUDLEY, Justice. We dismiss this appeal because the case is moot. Dale W. Morfey, Chairman of the Westark Christian Action Council, Inc., complained to Mark Stodola, the Prosecuting Attorney of the Sixth Judicial District,

that Dr. M. Joycelyn Elders, a state employee, violated the Arkansas Political Practices Act in Pulaski County on January 18, 1992. The statute that was allegedly violated, Ark. Code Ann. § 7-1-103 (Supp. 1991), provides that a violation is a misdemeanor. The applicable statute of limitation provides that the prosecution of a misdemeanor must be commenced within one year. Ark. Code Ann. § 5-1-109 (1987). The prosecuting attorney immediately investigated the allegation and concluded that he could not file such a charge in good faith.

On March 17, 1992, the Westark Christian Action Council, Inc., a nonprofit corporation with its principal place of business in Sebastian County, filed a petition in the Circuit Court of Pulaski County and asked the Circuit Court to appoint the corporation's attorney, R. Gunner DeLay, of Sebastian County, as a special prosecuting attorney for Pulaski County. The prosecutor filed a motion for summary judgment, which was heard on May 1, 1992. The circuit court granted the summary judgment on May 26, 1992. Westark filed a notice of appeal on June 22, 1992. For the next six months Westark apparently regarded the appeal as a routine appeal, because it was not until January 4, 1993, or only fourteen days before the statute of limitation would run, that Westark filed a motion asking for an expedited appeal. On January 12, 1993, by per curiam, we denied the motion for expedited appeal because at that late date we could not possibly have set a briefing schedule, conducted the necessary research, held the necessary conferences, reached a decision, allowed time for rehearing, issued a mandate to a trial court, allowed the trial court sufficient time, and, if a special prosecutor were appointed, allowed him or her sufficient time to act. *Westark Christian Action Council* v. *Stodola*, 311 Ark. 449, 843 S.W.2d 318 (1993).

■■ The appeal now comes to us as a regularly scheduled case after the statute of limitation has run. The case is moot. Thus, the first issue is whether we should decide or dismiss the appeal. We do not ordinarily decide appeals after a case has become moot. *First Nat'l Bank* v. *Massachusetts Gen. Life Ins. Co.*, 296 Ark. 28, 752 S.W.2d 1 (1988). However, when a case contains an issue of significant public concern, or an issue that might avert future litigation, we may choose to decide the appeal. *Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990). Special

consideration is given to deciding a moot case when the controversy is subject to repetition, but tends to expire before review can be completed. *Nathaniel* v. *Forrest City Sch. Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989). None of those criteria are present, and a decision in this case would not have any practical effect on the parties. Accordingly, we dismiss the appeal.

Appeal dismissed.