## OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
## Roger Lee WATKINS

CA 03-143                                          119 S.W.3d 74

Court of Appeals of Arkansas
Division I
Opinion delivered October 1, 2003

*David B. Alexander*, for appellant.

JOHN B. ROBBINS, Judge. Appellee Roger Lee Watkins and Karla Watkins are the parents of a minor child, Brandon. On November 4, 1997, a hearing was held on a motion by the appellant, Office of Child Support Enforcement (OCSE), against Mr. Watkins. Subsequent to the hearing, the trial court entered a judgment against Mr. Watkins for $2082.50, which represented unpaid child support owed to the state of Missouri. The debt accrued as a result of an assignment of child-support rights to the State of Missouri by Ms. Watkins upon her receipt of public assistance. The November 4, 1997, order further required Mr. Watkins to pay current child support.

In an order dated July 6, 1998, the trial court found Ms. Watkins in contempt for denying visitation, and placed temporary custody with Mr. Watkins. On October 6, 1998, the trial court entered an order granting permanent custody to Mr. Watkins, and Ms. Watkins was ordered to pay child support. The order recited that Ms. Watkins shall be given credit toward her child-support obligation for any arrears owed by Mr. Watkins.

On July 8, 2002, the trial court entered an order finding Ms. Watkins in contempt based on her child-support delinquency of at least $5300.00. OCSE subsequently intervened and filed a motion

for citation against Mr. Watkins for failure to pay the 1997 judgment, and a hearing was held on its motion on August 14, 2002.

The hearing on appellant's motion consisted only of stipulations and argument by each party's counsel. On October 21, 2002, the trial court entered an order denying appellant's motion for citation. In its order, the trial court found that Mr. Watkins made only one payment toward the judgment and still owed $2032.50. However, the trial court chose not to enforce the judgment against Mr. Watkins. The trial court's order, in pertinent part, stated:

> [T]he Court finds that the Plaintiff, Karla Jeen Watkins, is over $6,000.00 in arrears to the Defendant, Roger Lee Watkins, in child support. That the Court applies the equitable doctrine of set-off and therefore estops the Intervenor from collecting the outstanding balance of $2,032.50 from the Defendant, Roger Lee Watkins. That even though Karla Jeen Watkins assigned her support rights to the State of Missouri, the State of Missouri does not acquire any greater claim as assignee to back support than what Karla Jeen Watkins possesses herself.

> Further, that the Court acknowledges that the Plaintiff, Karla Jeen Watkins, was provided a credit towards child support obligation for an arrearage due and owing by the Defendant, Roger Lee Watkins, but, had accepted funds from the State of Missouri, and therefore, her credit is abrogated for any amounts due and owing the State of Missouri as she was not entitled to offset the debt owed to the State of Missouri.

OCSE now appeals from the order entered October 21, 2002.

For reversal, OCSE acknowledged that Arkansas Code Annotated section 16-65-603(a) (1987) provides, "Judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments." However, OCSE argues that it is inequitable to allow the judgment owed by Mr. Watkins to the State of Missouri to be set off against Ms. Watkins's child-support arrearage. OCSE submits that Ms. Watkins has no interest in the judgment granted to Missouri, nor does Missouri share in her liability to Mr. Watkins. OCSE contends that the trial court's reasoning depended on the assignment of Ms. Watkins's rights to the State of Missouri,

and that the reasoning was flawed because the judgment itself was not an assignment; rather, it was a judicial determination of Mr. Watkins's obligation to the State of Missouri.

■ OCSE agrees that an assignee ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more. 6A C.J.S. *Assignments* § 88 (1975); *See First Nat'l Bank of Fayetteville v. Massachusetts Gen. Life Ins. Co.*, 296 Ark. 28, 752 S.W.2d 1 (1988). However, it argues that collection of the judgment by the assignee in this case should not be barred because the assignment and entry of judgment both occurred prior to any child-support obligation on the part of Ms. Watkins. Since the set-off defense was not available to Mr. Watkins against the assignor at the time of the assignment, OCSE contends it should not be now available against the assignee. The general rule is that the assignee of a chose in action is ordinarily subject to any setoff or counterclaim available to the obligor against the assignor, and to all other defenses and equities that could have been asserted against the assignor *at the time of the assignment* (emphasis added). 6 Am. Jur. 2D *Assignments* § 149 (1999).

■■ The standard of review of a circuit court's finding following a bench trial is whether that finding was clearly erroneous. *City of Fort Smith v. River Valley Reg'l Water Dist.*, 344 Ark. 57, 37 S.W.3d 631 (2001). However, a trial court's conclusion of law is not entitled to the same deference. *See Duchac v. City of Hot Springs*, 67 Ark. App. 98, 992 S.W.2d 174 (1999). We hold that under the particular facts of this case, the trial court erred as a matter of law in ruling that the set-off doctrine estops OCSE from collecting the outstanding judgment of $2032.50 from Mr. Watkins.

■ Because Ms. Watkins was receiving public assistance while she resided in Missouri with the child, her child-support rights were assigned to the State of Missouri by operation of law. *See* Mo. Ann. Stat. § 208.055 (2002). Pursuant to Missouri Annotated Statutes section 454.410 (2002), support rights assigned to the state shall constitute an obligation owed to the state by the person responsible for providing such support, and the obligation shall be collectible pursuant to all legal processes. Through legal process, OCSE obtained a judgment against Mr. Watkins for unpaid child support, and Mr. Watkins took no appeal from the judgment. Significantly, Ms. Watkins's assignment of her rights to

Missouri was not a voluntary assignment for her benefit, but by operation of law due to her receipt of public assistance for her minor child. Thus, collection on the judgment is a matter strictly between Missouri and Mr. Watkins.

■ In this case, Mr. Watkins has no right to set off the judgment owed to the State of Missouri against the child-support arrearages owed to him by Ms. Watkins. At both the time of assignment and entry of the judgment, Ms. Watkins owed nothing to Mr. Watkins and thus, absent the assignment, Ms. Watkins would have had the right to collect on the judgment. As Mr. Watkins would have had no set-off defense against Ms. Watkins, he cannot now assert the defense against the assignee, State of Missouri. The fact that Ms. Watkins later became delinquent on her child-support obligation to Mr. Watkins does not affect the State of Missouri's right to collection on its judgment.

We reverse the trial court's order to the extent that it estops OCSE from collecting the outstanding balance on the judgment against Mr. Watkins. We remand the case to the trial court for reconsideration of OCSE's motion for citation against Mr. Watkins in light of our holding.

Reversed and remanded.

GRIFFEN and NEAL, JJ., agree.