

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-584

NANCY EDGERLY

APPELLANT

V.

VANDERBILT MORTGAGE &
FINANCE, INC.

APPELLEE

**Opinion Delivered** May 4, 2016

APPEAL FROM THE SEARCY
COUNTY CIRCUIT COURT
[NO. 65CV-13-36]

HONORABLE MIKE MURPHY,
JUDGE

AFFIRMED;
MOTION TO DISMISS GRANTED IN
PART AND DENIED IN PART

## BART F. VIRDEN, Judge

Nancy Edgerly appeals from the Searcy County Circuit Court order granting summary

judgment to Vanderbilt Mortgage & Finance, Inc. (Vanderbilt), and the resulting order for

delivery of two mobile homes. We affirm. Vanderbilt filed a motion to dismiss the appeal,

which we grant in part.

## I. *Facts*

In October 1998, Nancy Edgerly purchased a mobile home from Daily Investments

and financed it through Vanderbilt Mortgage. She used the mobile home as collateral. In

December 1998, she bought another mobile home from Daily Investments and again used

Vanderbilt Mortgage to finance the home and used the second home as collateral. Edgerly

defaulted on her payments, and Vanderbilt accelerated the debt. On September 4, 2013,

Vanderbilt filed a petition for order of delivery. Vanderbilt attached its complaint and an

affidavit for possession to the petition. In its complaint, Vanderbilt argued that it had an immediate right to possession.

Edgerly filed a motion to dismiss Vanderbilt's complaint on October 2, 2013, asserting that the summons set forth "that the defendant has thirty days to file an answer but contradicts itself with a 5-day notice." Vanderbilt responded to the motion, stating the 120-day time limit for service had not yet passed, so Edgerly's motion to dismiss was premature. Vanderbilt also responded that the summons complied with Rule 4 by giving Edgerly thirty days to file an answer, and it also complied with Arkansas Code Annotated section 18-60-808, which governed the action and imposed a five-day deadline to file a written objection to the petition for order of delivery. Edgerly filed an objection to Vanderbilt's petition for delivery on October 16, 2013. Edgerly filed an answer/motion to dismiss the complaint/affidavit for possession and another objection to the petition for order of delivery on October 18, 2013. The circuit court did not rule on any of these motions.

Vanderbilt filed a motion for summary judgment on January 10, 2014, asserting that there was no question of fact as to Edgerly's default on the installment contracts for the homes and that there was no question that Vanderbilt was entitled to possession of the homes. Edgerly responded on January 27, 2014, and argued that Vanderbilt had not included all the necessary documents showing that the security agreement had been assigned to First Merit Bank (also Signal Bank) and that the security agreement had been perfected; thus, Vanderbilt could not bring the suit. Vanderbilt responded by attaching a copy of the loan purchase agreement between it and First Merit Bank. Vanderbilt also included a blanket assignment and

SLIP OPINION

bill of sale.

Edgerly appeared pro se at the February 25, 2015 hearing on the motion for summary judgment. At the hearing, Edgerly argued that the documents Vanderbilt attached "seemed incomplete," "iffy," and "muddled looking." She asserted that the loan had been transferred several times and that she questioned whether Vanderbilt could prove ownership. The circuit court took the matter of the sufficiency of Vanderbilt's proof of assignment under advisement, and it allowed Edgerly five days to supplement the record as needed.

Around March 6, 2015, Edgerly sent a posthearing letter to the circuit court in which she explained that she had attached documents and certificates of title that demonstrated Vanderbilt had not perfected title and had only made a "lame attempt" at creating a chain of title for the mobile homes. Edgerly urged the court to compare signatures and observe other discrepancies in the documents that she alleged proved the documents had been falsified.

On March 11, 2015, the circuit court entered an order granting Vanderbilt's motion for summary judgment. In its order, the circuit court specifically found "that the documents contained in the original complaint as well as those referenced in the reply to response to the motion for summary judgment indicate sufficient proof of assignment to Vanderbilt."

On March 18, 2015, Vanderbilt sent a proposed order of delivery to the circuit court for its approval. Vanderbilt also sent a copy to Edgerly. In an attached letter, Vanderbilt stated, "Pursuant to the court's order granting plaintiff's motion for summary judgment, a precedent is therefore presented which will allow Vanderbilt to proceed with the repossession of its collateral, the manufactured homes." The order for delivery was entered on March 25,

SLIP OPINION

2015, and set forth that, pursuant to the March 11, 2015 order, Vanderbilt was entitled to an order for delivery of the trailers and that the requirement that Vanderbilt post a bond for delivery had been waived.

On March 31, 2015, Edgerly filed a motion to quash the March 25, 2015 order for delivery. Edgerly argued that she had not been properly served with the proposed order, that she would have objected to the waiver of the bond requirement if she had received proper service and if she had been informed that she could object to the proposed order. The circuit court did not rule on the motion to quash.

On April 9, 2015, Edgerly filed a notice of appeal from the March 11, 2015 order granting summary judgment. On June 4, 2015, Edgerly filed a second notice of appeal from the March 25, 2015 order for delivery.[1]

II. *Points on Appeal*

Edgerly raises four points in her appeal. First, she asserts that the circuit court lacked subject-matter jurisdiction over the case because the replevin statutes are unconstitutional.

---

[1] On August 5, 2015, Vanderbilt filed a motion to dismiss the appeal, arguing that the March 11, 2015 order was not a final order, and thus, the appeal from it should be dismissed. *See Clark v. Farmers Exch., Inc.*, 347 Ark. 81, 86, 61 S.W.3d 140, 144 (2001) ("[A] judgment is a final determination of the rights of the parties in an action.") We hold that the order granting summary judgment is a final, appealable order, and we deny the motion to dismiss in part.

We also grant the motion to dismiss in part because Edgerly filed her notice of appeal from the March 25, 2015 order for delivery on June 4, 2015—more than thirty days after the order had been entered. *See* Ark. R. App. P.–Civ. 4(a) (2013) (Notice of appeal must be filed within thirty days of the date an order is entered.).

SLIP OPINION

Second, she argues that summary judgment was inappropriate because material facts were in dispute. Third, Edgerly asserts that Vanderbilt did not prove that it was properly in possession of the loan because it did not establish a clear chain of title. Finally, Edgerly argues that someone should have explained to her the meaning of the word "precedent" as used by Vanderbilt in its letter attached to the proposed order for delivery. We find no merit in any of her arguments, and we affirm.

## A. The Constitutionality of Replevin Statutes

Edgerly argues that the "statutory post-judgment alternative proceeding for replevin" should be declared unconstitutional. First, Edgerly explains that Arkansas Rule of Civil Procedure 81 "special proceedings" do not contemplate common-law remedies, and thus, replevin should never have been declared a Rule 81 "special proceeding" because replevin has its roots in the common law. Edgerly argues that when replevin was incorrectly declared to be a special proceeding, the replevin statutes unconstitutionally infringed on amendment 80 and the Arkansas Rules of Civil Procedure.

Edgerly's argument concerning the constitutionality of the replevin statutes centers on the five-day time constraint to object to the issuance of an order of delivery, which is codified in Arkansas Code Annotated section 18-60-808(a)(Repl. 2015). Her argument is that the five-day requirement within the statute and the method of calculating the date for filing are both procedural issues, and thus, the replevin statute infringes on the rules of civil procedure of this state, specifically Arkansas Rule of Civil Procedure 12, which allows thirty days to file a response, and Arkansas Rule of Civil Procedure 6, which excludes certain days

SLIP OPINION

from the computation of the filing date.

It will be helpful to examine the statute and subsection at issue. The requirement is set

forth in Arkansas Code Annotated section 18-60-808:

> (a) In lieu of the procedure set forth in this section and §§ 18-60-801--18-60-807, at the time the complaint is filed and summons issued, a petitioner may obtain a notice issued by the clerk of the court in which the proceeding is filed. The notice shall be served with the complaint and summons and shall notify the defendant that an order of delivery of the property described in the complaint is sought and that *if any objection is made to issuance of the order of delivery it must be in the form of a written response, filed within five (5) days of service of the summons and complaint,* excluding Sundays and legal holidays, with a copy served on the plaintiff's attorney.

> (b)(1) In the event no written objection is filed and served within the five-day period, the clerk shall, upon the request of the plaintiff or his or her attorney, issue the writ forthwith.

> (2) In the event a defendant files a written objection within the five-day period specified, the clerk shall, at the request of either party, set the matter for hearing before the circuit judge as promptly as the business of the judge shall permit.

Edgerly's constitutional challenge to the replevin statute's five-day requirement fails

because she has not demonstrated how she was injured by the statute. Edgerly argues that the

statutory requirement that the response/objection to the order of delivery must be filed within

five days conflicts with Arkansas Rule of Civil Procedure 12, which allows thirty days to file

a response to a complaint. Edgerly also asserts that the five-day requirement violates Rule 6

of the Arkansas Rules of Civil Procedure because the computation of the five days does not

exclude Saturdays, Sundays and legal holidays. She argues that replevin defendants are "caught

in a most hurried procedural state where they must simultaneously prepare an objection

within 5 days while adhering to a well-settled initial responsive pleading issues such as

SLIP OPINION

counterclaims and affirmative defenses."

Edgerly did not file an objection to the order for delivery within five days of being served with the complaint. Subsection (b)(1) dictates that when Edgerly failed to object, Vanderbilt could have requested for the writ to be issued and the clerk of the court would have done so. Despite Edgerly's decision not to object to the order for delivery, Vanderbilt did not request that a writ be issued by the clerk. Three months after the issuance of the summons, Vanderbilt filed a summary-judgment motion, and the circuit court held a hearing. Edgerly was allowed to supply documents after the hearing, and after the circuit court determined that there was no question of fact, summary judgment was entered.

There is no question but that appellants must have suffered injury or belong to a class which is prejudiced by a statute or constitutional provision before they have standing to challenge its validity. *Hamilton v. Hamilton*, 317 Ark. 572, 574–75, 879 S.W.2d 416, 417 (1994); *Stokes v. Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981). In no way was the five-day limitation applied to Edgerly. Because Edgerly has not demonstrated how she was injured by the five-day limitation or the method for calculating those days, her arguments concerning the five-day requirement as an unconstitutional alternative proceeding fail for lack of standing, and we decline to discuss the merits of her arguments.

## B. Summary Judgment

Our supreme court has set forth the following standard of review with regard to motions for summary judgment:

SLIP OPINION

Our standard of review for summary judgment cases is well established. Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. We no longer refer to summary judgment as a drastic remedy and now simply regard it as one of the tools in a trial court's efficiency arsenal. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. Moreover, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.

*Harvest Rice, Inc. v. Fritz & Mertice Lehman Elevator & Dryer, Inc.*, 365 Ark. 573, 575–76, 231 S.W.3d 720, 723 (2006) (citations omitted). The standard is whether the evidence is sufficient to raise a factual issue, not whether the evidence is sufficient to compel a conclusion. *Wagner v. Gen. Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007).

Edgerly argues that the certificate of title had been forged, that the certificate had been photoshopped and that the address listed on the title was incorrect. On this point, we affirm. The certificates of title were not material to the issue of whether Vanderbilt could repossess the homes as a result of Edgerly's default on her payments; thus, no factual question arose from the possible invalidity of the documents.

Arkansas Code Annotated section 4-9-303 (Repl. 2001) governs the perfection and priority of security interests in goods covered by a certificate of title. The purpose of this

section of the code is to set forth how a title is perfected so as to give notice to other lien holders as to lien priority. The purpose of a certificate of title is not to show that the holder has the right to take possession of the home because of default. The contract upon which she agreed to pay for the homes is the relevant document in this case, and she does not dispute the veracity of that document. Thus, no factual question arises from this document.

## C. Chain of Title

Edgerly claims that Vanderbilt did not produce documents showing that the name of the lien holder changed every time the debt was transferred, and thus, the chain of title was not sufficient to show that Vanderbilt can enforce the lien.

A security agreement is effective according to its terms between the parties. Ark. Code Ann. § 4-9-201. In *In re Johnson*, 407 B.R. 364 (Bankr. E.D. Ark. 2009) an assignee of a note and security agreement who claimed a perfected security interest in a recreational vehicle that was alleged to be property of a Chapter 7 estate had a perfected interest, even though it was not noted on the vehicle's certificate of title in compliance with the Arkansas Certificate of Title Act, because the perfected security interest in the vehicle remained perfected when it was assigned. *Id.* An assignment does not create a new lien, but rather an assignee simply steps into the shoes of the assignor and obtains the assignor's rights. *Id.*; *see also Am. Transp. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28, 36, 129 S.W.3d 312, 316 (2003) (citing *First Nat'l Bank of Fayetteville v. Mass. Gen. Life Ins. Co.*, 296 Ark. 28, 752 S.W.2d 1 (1988)) (an assignee obtains the rights possessed by the assignor at the time of the assignment). In *Johnson*, the court

SLIP OPINION

held that

> the lien granted to Key Bank complied with the requirements of subchapter 8 and was properly perfected. The question is, did the lien remain perfected when Key Bank assigned the lien without further action by Roswell. Official comment 4 to the UCC § 9-310(c) makes it clear that unless the state's Certificate of Title Act expressly provides to the contrary, UCC § 9-310(c) applies to assignments of liens on vehicles and the lien will remain perfected even if the assignee takes no action.

*In re Johnson*, 407 B.R. at 368.

Vanderbilt was not required to take more action to perfect its lien. On this point, we find no error, and we affirm.

### D. Edgerly's Understanding of the Word "Precedent"

Vanderbilt sent a proposed order for delivery to the circuit court, and in the attached letter Vanderbilt stated that "a precedent is therefore presented which will allow Vanderbilt to proceed with the repossession of its collateral. . . . If the enclosed Order for Delivery meets with your approval, please sign and return the Order to us and we will file it with the clerk." The order for delivery was entered on March 25, 2015. Edgerly filed a motion to quash the order for delivery on March 31, 2015, which the circuit court did not rule on.

Edgerly argues that this use of the word "precedent" in the order was so esoteric that its meaning could not be understood by someone acting pro se and that this is an instance where a pro se litigant should not be held to the same standard as an attorney. This issue relates to the March 25, 2015 order for delivery, and as we stated earlier in this opinion, Edgerly did not timely file a notice of appeal for this order; therefore, it is not properly before this court, and we decline to reach the merits of this issue.

### III. *Conclusion*

We find no error in the circuit court's findings, and we affirm. We grant Vanderbilt's motion to dismiss in part.

Affirmed; motion to dismiss granted in part and denied in part.

HIXSON and BROWN, JJ., agree.

*Mullenix & Reardon, P.A.*, by: *D. Ryan Mullenix*, for appellant.

*Dyke & Winzerling, P.L.C.*, by: *Mitchel L. Berry*, for appellee.